frauds, which was pleaded in this case, the assignment of the lease would necessarily be made in writing, or it would be void, so that, as there was no assignment in this case, the defendant could not be held liable. Bedford v. Terhune, 30 N. Y. 459, 86 Am. Dec. 394.

It is true that, if defendant was shown to be in possession and paying rent, this would be presumptive evidence that it had accepted and held an assignment of the lease; but this possession could not estop it from showing that it never acquired a valid assignment of the lease, and, as this did appear, defendant could not be held. Welsh v. Schuyler, 6 Daly, 412; Dey v. Greenebaum, 82 Hun, 536, 31 N. Y. Supp. 610; Frank v. N. Y., L. E. & W. R. R. Co., 122 N. Y. 197, 25 N. E. 332.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

### GRABLER v. NEW YORK & E. R. FERRY CO.

(Supreme Court, Appellate Term. June 25, 1909.)

CARRIERS (§ 346*)—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

    In an action for injuries received by falling over a chain in the vehicle gangway of a ferry, where the foot passenger gangway was unobstructed, plaintiff *held* negligent, barring a recovery.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 346.*]

    Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Grabler against the New York & East River Ferry Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Davison & Underhill (George W. Davison and Alfred T. Davison, of counsel), for appellant.

Charles R. Bradbury, for respondent.

GILDERSLEEVE, P. J. Between 7 and 8 p. m. on December 17, 1908, plaintiff was crossing the river on defendant's ferryboat. He stood in the middle of the boat, that part where the horses and vehicles stand, talking with the engineer. The boat reached its destination, and was fastened, the gates were opened, and the passengers began leaving the boat on the two sides, or passenger gangways, when one of the deckhands, apparently in charge of the vehicle gangway, called out to the drivers of vehicles on the boat: "Come on, drivers." The gangway was dimly lighted. Plaintiff started to walk off the boat by the middle or vehicle gangway; but the gate chain, which is drawn across this gangway when the boat is in motion, had not been unfastened, and plaintiff fell over it and received the injuries for which he recovered a judgment herein.

---

The plaintiff testified that he had been going back and forth on this boat for over six years; had seen the chain in its place, and knew what it was there for; that when the deckhand said, "Come on, drivers," he did not think this invitation included him; that there was no crowd on the boat at the time which would require him to use the passageway for horses and vehicles, rather than the way provided for passengers; and that he knew that the guard chain was used to prevent vehicles from going off the boat too soon. Under these circumstances, it would seem that the plaintiff was not free from negligence. An ordinarily prudent and careful man will not select a place in going off a ferryboat not intended for passengers, when the regular passageway for pedestrians is easily accessible and ready for present use. The plaintiff voluntarily assumed to go off the boat at a place reserved for the use of horses and wagons, and which was not intended for the use of foot passengers. He thereby invited the accident, which was caused by his own negligent conduct.

Neither was there any negligence shown on the part of the defendant. The only act which could in any way be so considered was that of the deckhand who said, "Come on, drivers," before he had actually removed the guard chain. This invitation was not extended to foot passengers, and the plaintiff did not so consider it. The wagons on the boat were in the rear, and undoubtedly the deckhand had ample time to release the chain after he gave the call to the drivers before they would reach the bow of the boat; and the plaintiff, who, all the way over the river, had stood in the passageway reserved for horses and wagons, had no right to assume that the chain was down at the exact moment the expression was used, and the deckhand was justified in assuming that foot passengers would take the way provided for them, and not the way provided for vehicle traffic.

The slightest care or precaution on the part of the plaintiff would have avoided the accident. By taking the way provided for foot passengers, many of whom he testifies had already gone off the boat, he would have escaped injury. He used no such care. He evidently rushed for the shore, regardless of the proper passageway, and met with disaster. The conclusion is inevitable that under the present state of the proof the court below erred in giving judgment for the plaintiff.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs.  SEABURY, J., dissents.